Ryan Joseph HRIBICK, Appellant

v.

WARDEN FORT DIX FCI

No. 17-2045

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 July 20, 2017

(Opinion filed: August 15, 2017)

Ryan Joseph Hribick, Pro Se

Jessica R. O'Neill, Esq., Office of United
States Attorney, Camden, NJ, Caroline A.
Sadlowski, Esq., Office of United States
Attorney, Newark, NJ, for Defendant-Appellee

Before: MCKEE, JORDAN and
RESTREPO, Circuit Judges

OPINION [*]

PER CURIAM

Ryan Joseph Hribick, a federal prisoner
currently incarcerated at FCI Fort Dix,
appeals an order of the United States District Court for the District of New Jersey
dismissing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will grant
Appellee's motion for summary affirmance
of the District Court's order.

In 2015, Hribick pleaded guilty in the
United States District Court for the District of New Jersey to possession of an
unregistered firearm, manufacturing and
dealing with explosive materials, conspiring to obstruct justice, and witness tampering. He is currently serving a forty-three month sentence on these convictions.
In April 2017, Hribick filed, pro se, a
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he
had been improperly classified by the Federal Bureau of Prisons ("BOP") at the
"Greatest Severity" level of the public
safety factor.[1] Hribick claims that because
of this classification, he has not been allowed to transfer to a prison camp. He
requests that the "Court issue an order
directing that [the Warden] waive, and
remove, the public safety factor (P.S.F.)
placed upon [him]," and allow him to transfer to a camp setting.

By order entered on April 19, 2017, the
District Court sua sponte dismissed Hribick's § 2241 petition because Hribick's
claim was not cognizable under federal
habeas review. Hribick appeals. Appellee
has filed a motion for summary affirmance.

We have jurisdiction pursuant to 28
U.S.C. § 1291, and exercise plenary review
over the District Court's dismissal order.
See Cradle v. United States ex rel. Miner,
290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm under
Third Circuit LAR 27.4 and I.O.P. 10.6 if
the appeal lacks substantial merit.

We agree with the District Court that
Hribick's claim is not cognizable in a
§ 2241 petition because he does not challenge the basic fact or duration of his
imprisonment. See Preiser v. Rodriguez,

---

[*] This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. Hribick titled his filing "Motion requesting
public safety factor (P.S.F.) be waived, and

removed, pursuant to B.O.P. Program Statement 5100.08." The District Court construed
Hribick's filing as a habeas petition.

**26**

411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Nor does Hribick's claim challenge the "execution" of his sentence within the narrow jurisdictional scope described in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). In Woodall, we held that a district court has jurisdiction under § 2241 to consider a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC") because "[c]arrying out a sentence through detention in a CCC is very different than carrying out a sentence in an ordinary penal institution." Id. at 243. Specifically, we determined that Woodall sought "more than a simple transfer," observing that his claims "crossed[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id. Hribick's claim is much more akin to the "garden variety" transfers that are excluded from the scope of § 2241.

Because this appeal does not raise a substantial question, we will grant Appellee's motion for summary affirmance and will affirm the judgment of the District Court.